HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Janet Chlentzos-Williams,

       Plaintiff,

  v.

Square Inc., *et al.*,

       Defendants.

Case No.  3:21-cv-05069-RAJ

ORDER

      This matter comes before the Court on Plaintiff's Application for Court-Appointed Counsel (Dkt. # 5) and Plaintiff's Motion to Have the Court Serve Defendants (Dkt. # 8). For the reasons below, the Court **DENIES without prejudice** Plaintiff's motion to appoint counsel (Dkt. # 5) and **GRANTS** Plaintiff's motion for court-appointed service (Dkt. # 8).

      Based on her complaint, Plaintiff Janet Chlentzos-Williams alleges that a company, Defendant Square Inc. ("Square"), sent her mail at her residence. Dkt. # 4. The mail was addressed to her and a person named "Joseph Turner." *Id.* at 3, 12, 15-16. Ms. Chlentzos-Williams apparently does not know a "Joseph Turner," and to her knowledge nobody by that name ever resided at her residence. *Id.* at 15. She is also suing her "estranged" sister, Defendant Bea Grow. *Id.* at 2. Ms. Chlentzos-Williams posted a picture of the mail to Facebook, and Ms. Grow later "made a sarcastic/disturbing comment" on the post. *Id.* at 17. According to Ms. Chlentzos-Williams, the comment suggests that Ms. Grow knows why Ms. Chlentzos-Williams received mail addressed to

ORDER – 1

"Joseph Turner" in the first place. *Id.* at 5. Ms. Chlentzos-Williams is now suing both Square and Ms. Grow for mail fraud and "other civil rights violations." *Id.* at 5.

Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate h[er] claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). But neither of these considerations is dispositive; they must instead be viewed together. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). A plaintiff must plead facts showing that she has an insufficient grasp of her case or the legal issue involved and has an inadequate ability to articulate the factual basis of her claim. *Agyeman*, 390 F.3d at 1103. Although most parties would benefit from representation by an attorney, that is not the standard for appointment of counsel in a civil case. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998) (finding that a *pro se* litigant may be better served with the assistance of counsel is not the test). A plaintiff must instead show exceptional circumstances. *See id.*

Ms. Chlentzos-Williams has failed to show that her case presents "exceptional circumstances." First, this case is not complex. At bottom, Ms. Chlentzos-Williams is claiming that Square committed mail fraud for sending her mail addressed to her and a person she does not know and that her sister is part of the fraud. Dkt. # 4. This is not to say that these allegations are sufficient to state a mail fraud claim, as that issue is not currently before the Court, but rather to say that Ms. Chlentzos-Williams has demonstrated a basic ability to articulate her claims. Second, Ms. Chlentzos-Williams

ORDER – 2

has not shown any likelihood of success on the merits. She does not attempt to explain the fraud, let alone support her allegations with evidence or explain why she is likely to prevail. Thus, at this stage, the Court has no reason to believe that Ms. Chlentzos-Williams will likely prevail on the merits of her claim.

Her request for counsel aside, Ms. Chlentzos-Williams also moves the Court to serve both Defendants. Dkt. # 8. She is proceeding *in forma pauperis* ("IFP"). Dkt. # 3. Under Federal Rule of Civil Procedure 4(c)(3), a plaintiff may request the court to "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." If the plaintiff is proceeding IFP, the court must grant that request. *Id.* Because Ms. Chlentzos-Williams is indeed proceeding IFP, the Court grants her motion under Rule 4(c)(3).

For the reasons above, the Court **ORDERS**:

(1) Ms. Chlentzos-Williams' Application for Court-Appointed Counsel (Dkt. # 5) is **DENIED without prejudice**;

(2) Ms. Chlentzos-Williams' Motion to Have the Court Serve Defendants (Dkt. # 8) is **GRANTED**;

(3) The Clerk shall issue the summons and provide copies of the summons and the complaint (Dkt. # 4), to the United States marshal or deputy marshal **within seven days** of the date of this order; and

(4) The United States marshal or deputy marshal to serve Defendants with a copy of the summons and complaint **within 30 days** of the date of this order.

DATED this 30th day of June, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3