The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JANET CHLENTZOS-WILLIAMS;<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>SQUARE, INC. and BEA GROW;<br><br>　　　　　　　　　　Defendants. | Case No. 3:21-cv-05069-RAJ<br><br>DEFENDANT SQUARE, INC.'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION OR ALTERNATIVELY FOR FAILURE TO STATE A CLAIM<br><br>NOTE ON MOTION CALENDAR: November 12, 2021 |

## I.   INTRODUCTION

Plaintiff Janet Chlentzos-Williams ("Plaintiff") brought this action against Square, Inc. ("Square") and Plaintiff's sister, Bea Grow, after allegedly receiving two pieces of mail that were improperly addressed to her and another addressee.  Plaintiff's claims do not raise a cognizable federal question, and this case does not involve diversity of citizenship. Accordingly, this Court lacks subject matter jurisdiction, and Square respectfully moves, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.  Alternatively, if the Court determines that an impermissible claim under a federal criminal statute provides subject matter jurisdiction, Square moves to

MOTION TO DISMISS - 1
Case No. 3:21-cv-05069-RAJ
505199492.5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim, and asks the Court to decline to exercise supplemental jurisdiction over the state law claim it otherwise would not have diversity jurisdiction to hear.

## II.  SUMMARY OF ALLEGATIONS

Plaintiff asserts claims against Square, a California corporation, and Bea Grow, a Washington resident.  ECF No. 1-1 ("Compl.") 4:13–21.  Plaintiff is likewise a Washington resident.  *Id.* at 4:4–5.  Plaintiff alleges that Square sent two pieces of mail to Plaintiff's address that were addressed to Plaintiff and an unknown individual named Joseph Turner.  *Id.* at 5:11–15.  Plaintiff also attaches a customer support email that she sent to Square on March 2, 2017 complaining about incorrectly addressed mail.  *Id.* at p. 14–18.  Although the nature of Plaintiff's alleged harm is not clear, it appears that she is unhappy because she alleges that she does not live with, or otherwise know, anyone named Joseph Turner.  *See id.* at p. 15.  According to Plaintiff, the mail "caused [her] emotional distress," and she received the mail while also dealing with another medical condition.  *Id.* at 5:4–8.  Plaintiff also states that she "experienced mail fraud—box break in/tampering in 2012," at her previous apartment.  *Id.* at 5:18–22.  Plaintiff does not allege that Square or Ms. Grow are responsible for this "mail fraud."

Plaintiff also attaches to the Complaint email correspondence she received from Square, including a June 19, 2019 email about updates to Square's Online Store Terms, *id.* at p. 7, and a June 28, 2018 email alerting Plaintiff that someone used her email address to log into Square from a new browser and/or device.  *Id.* at p. 8.  Plaintiff appears not to assert any claims in connection with this email correspondence.

MOTION TO DISMISS - 2
Case No. 3:21-cv-05069-RAJ
505199492.5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

### III.  ARGUMENT

**A.  Legal standard.**

Federal courts are courts of limited jurisdiction and possess jurisdiction to hear only those cases or controversies that the Constitution and federal statutes provide them jurisdiction to resolve. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018). Federal courts generally have two bases for subject matter jurisdiction. *Id.* First, under Article III of the United States Constitution and 28 U.S.C. § 1331, federal courts have jurisdiction over all cases "arising under" federal law. *Id.* An action arises under federal law if federal law "creates the cause of action" or "a substantial question of federal law is a necessary element" of the plaintiff's complaint. *Coeur d'Alene Tribe v. Hawks*, 933 F.3d 1052, 1055 (9th Cir. 2019). Second, under Article III and 28 U.S.C. § 1332, federal courts have jurisdiction over certain cases involving citizens of different states. *Hansen*, 902 F.3d at 1056. Diversity jurisdiction requires "complete diversity of citizenship, meaning that the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1226 (9th Cir. 2019) (internal quotation marks omitted). If a court determines it lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(b)(1), 12(h)(3).

**B.  Plaintiff fails to allege a cause of action arising under federal law.**

Plaintiff's complaint attempts to raise two causes of action, but the Court does not have "arising under" jurisdiction to address either claim. Plaintiff's first cause of action is for intentional infliction of emotional distress, based on Plaintiff's allegation that incorrectly addressed mail that she received "caused [her] emotional distress." Compl. 5:4–8. The second cause of action is mail fraud under 18 U.S.C. § 1341, based on Plaintiff's allegation that she "experienced mail fraud—box break in/tampering." *Id.* at 5:18–22. Neither cause of action confers subject matter jurisdiction. Plaintiff's claim for intentional infliction of

MOTION TO DISMISS - 3
Case No. 3:21-cv-05069-RAJ
505199492.5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

emotional distress arises under state—not federal—law.  *See Sutton v. Tacoma Sch. Dist. No. 10*, 324 P.3d 763, 871 (Wash. Ct. App. 2014) (emotional distress is a claim under Washington law).  Mail fraud, in contrast, is a federal crime under 18 U.S.C. § 1341, but that statute "does not provide a private right of action."  *Cirino v. GMAC Mortg. LLC*, 667 Fed. Appx. 248, 249 (9th Cir. 2016).  Thus, there is no federal question for the Court to resolve.  This leaves Plaintiff without a valid basis to invoke the Court's jurisdiction under 28 U.S.C. § 1331.

**C.    There is no diversity of citizenship.**

The Complaint itself establishes the absence of diversity jurisdiction.  Plaintiff is a Washington resident, and Co-Defendant Bea Grow is also a Washington resident.  Compl. 4:4–7.  Because the citizenship of each plaintiff is not diverse from the citizenship of each defendant, this Court does not have subject matter jurisdiction.  *Demarest*, 920 F.3d at 1226.

**D.    Alternatively, Plaintiff fails to state a claim for mail fraud and there is no basis for supplemental jurisdiction after dismissal of her mail fraud claim.**

If the Court determines that Plaintiff's mail fraud action, although precluded, nonetheless arises under federal law and therefore provides subject matter jurisdiction, it should nonetheless dismiss this action for failure to state a claim.  As shown above, the Ninth Circuit has squarely held that 18 U.S.C. § 1341 "does not provide a private right of action."  *Cirino*, 667 Fed. Appx. at 249.  Because Plaintiff has failed to state a claim upon which relief can be granted, the Court should dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6).  Because amendment would be futile, this dismissal should be with prejudice.

Having dismissed the mail fraud claim, the Court should decline to exercise supplemental jurisdiction over the claim for intentional infliction of emotional distress.  As shown above, the Court lacks diversity jurisdiction to hear that claim.  The only basis for exercising jurisdiction would be on the basis of supplemental jurisdiction arising from a

MOTION TO DISMISS - 4
Case No. 3:21-cv-05069-RAJ
505199492.5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

dismissed claim for mail fraud. Courts typically decline to exercise supplemental jurisdiction when the claim supplying jurisdiction has been dismissed. *See Ornelas v. DP Inv.*, 816 Fed. Appx. 185, 186 (9th Cir. 2020); *Bykov v. Rosen*, 773 Fed. Appx 397, 399 (9th Cir. 2019). The Court should do the same here.

## IV.  CONCLUSION

For the foregoing reasons, Square respectfully requests that the Court grant its Motion to Dismiss the Complaint for lack of subject matter jurisdiction. Alternatively, Square respectfully seeks dismissal of the mail fraud claim, with prejudice, for failure to state a claim and dismissal of the intentional infliction of emotional distress claim without prejudice.

DATED this 21st day of October, 2021.

K&L GATES LLP

By   s/ Theodore J. Angelis
      Theodore J. Angelis, WSBA # 30300
925 Fourth Avenue, Suite 2900
Seattle, WA  98104
Phone:  (206) 623-7580
Fax:  (206) 623-7022
E-mail:  theo.angelis@klgates.com
Attorneys for Defendant Square, Inc.

MOTION TO DISMISS - 5
Case No. 3:21-cv-05069-RAJ
505199492.5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## CERTIFICATE OF ECF FILING AND SERVICE

I certify that on October 21, 2021, I arranged for electronic filing of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties registered on ECF. I further arranged for the foregoing document to be mailed as follows:

>Janet Chlentzos-Williams
>4901 Fairwood Blvd NE
>Apt. 168
>Tacoma, Washington 98422

> s/ Theodore J. Angelis
>Theodore J. Angelis
>K&L Gates LLP
>925 Fourth Avenue, Suite 2900
>Seattle, WA  98104
>Phone:  (206) 623-7580
>Fax:  (206) 623-7022
>E-mail:  theo.angelis@klgates.com

MOTION TO DISMISS - 6
Case No. 3:21-cv-05069-RAJ
505199492.5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022