1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JANET CHLENTZOS-WILLIAMS,

                    Plaintiff,

          v.

SQUARE, INC.; and BEA GROW,

                    Defendants.

CASE NO. 3:21-cv-05069-TL

ORDER REGARDING DEFENDANTS'
MOTIONS TO DISMISS

     This matter comes before the Court on Defendants' motions to dismiss this case for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim (the "Motions to Dismiss"). Dkt. Nos. 18, 20. Plaintiff Ms. Janet Chlentzos-Williams has not filed any response to the Motions to Dismiss. The Court has reviewed the relevant record and finds this matter suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b).

     For the reasons explained below, Defendants' Motions to Dismiss are GRANTED, but Ms. Chlentzos-Williams is given an opportunity to file an amended complaint.

ORDER REGARDING DEFENDANTS'
MOTIONS TO DISMISS - 1

1

## I.    BACKGROUND

2        For the purposes of this Order, the Court accepts as true all facts alleged in the complaint

3    and construes them in the light most favorable to Plaintiff,[1] as follows:

4        In mid-2016, Ms. Chlentzos-Williams received mail at her residence from Defendant

5    Square, Inc.[2] addressed to her and a person named "Joseph Turner." Dkt. No. 4, at 5, 11, 15.

6    Ms. Chlentzos-Williams does not know anyone named "Joseph Turner" and has lived alone at

7    her address (with her pet) since August 2015. *Id.* at 15. Ms. Chlentzos-Williams claims that these

8    pieces of mail caused her emotional distress. *Id.* at 5. Ms. Chlentzos-Williams complained to

9    Square *via* email and does not appear to have received a response regarding the substance of her

10   complaint. *Id.* at 10, 14–16. Ms. Chlentzos-Williams also received what appears to be automated

11   emails from Square, including an email from Square about changes to its "Additional Point of

12   Sale Terms," *id.* at 7, a notification of a login attempt using Ms. Chlentzos-Williams's email

13   address, *id.* at 8–9, and a request for feedback based on an abandoned attempt to create an

14   account with Square, *id.* at 13.[3]

15       Ms. Chlentzos-Williams posted on Facebook about the mailing. *Id.* at 15. Ms. Chlentzos-

16   Williams's estranged sister Ms. Beatrice "Bea" Grow, the other Defendant in this case, made

17   what Ms. Chlentzos-Williams characterizes as a "sarcastic" and "disturbing" comment on

18

19   _____
[1] The Complaint is difficult to follow and contains little detail. The Court has attempted to provide the most liberal

20   construction of the Complaint as reasonable.

[2] Ms. Chlentzos-Williams appears to have received two similar pieces of mail from Square. Dkt. No. 4, at 5. It is

21   unclear when the second mailing occurred. In any case, the Court's analysis is not affected by the number or timing
     of these mailings.

22   [3] Ms. Chlentzos-Williams includes background information, such as her internal bleeding at the time of receiving
     the mailings (caused by her medication), a potential mailbox break-in or tampering attempt at her former apartment

23   in 2012, and her being "turned away" from the "Burien District Court" in 2013 or 2015 seemingly in connection
     with the earlier mailbox break-in or tampering. Dkt. No. 4, at 5. This information appears unrelated to

24   Ms. Chlentzos-Williams's claims against Defendants (namely, Square Inc.'s incorrectly addressed mail), and
     Ms. Chlentzos-Williams does not explain any further.

ORDER REGARDING DEFENDANTS'
MOTIONS TO DISMISS - 2

Facebook in response. *Id.* at 5; *see id.* at 17 (image of Facebook comments by Ms. Grow and her friend). Ms. Chlentzos-Williams and Ms. Grow are both citizens of the State of Washington. *Id.* at 4.

In January 2021, Ms. Chlentzos-Williams initiated the present case against Square and Ms. Grow as a *pro se* plaintiff (meaning, without legal representation). *Id.* at 1. In October 2021, Square moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and, in the alternative, for failure to state a claim. Dkt. No. 18. Ms. Grow also moved to dismiss on the same bases, joining Square in its arguments and analysis. Dkt. No. 20. The Motions to Dismiss were each served on Ms. Chlentzos-Williams by mail, and Ms. Grow's motion was additionally served on Ms. Chlentzos-Williams by email. Dkt. No. 18, at 6; Dkt. No. 20, at 3.

Ms. Chlentzos-Williams has not filed any response to the Motions to Dismiss, nor requested any extension of time to respond. However, she has engaged in frequent *ex parte* communications with Court staff regarding this case (and other cases), primarily over email. Court staff have advised Ms. Chlentzos-Williams that any information she wishes to present to the Court must be filed in the case and cannot be submitted over email.

## II.    DISCUSSION

### A.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b), a party may respond to a complaint by filing a motion to dismiss a case on the basis of, among other grounds: (1) lack of subject matter jurisdiction, under Rule 12(b)(1); or (2) failure to state a claim upon which relief can be granted, under Rule 12(b)(6). "When reviewing a dismissal pursuant to Rule 12(b)(1) and 12(b)(6), 'we accept as true all facts alleged in the complaint and construe them in the light most favorable to plaintiff[ ], the non-moving party.'" *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122

1  (9th Cir. 2019) (alteration in original) (quoting *Snyder & Assocs. Acquisitions LLC v. United*

2  *States*, 859 F.3d 1152, 1156–57 (9th Cir. 2017)).

3        The Court is mindful that a *pro se* complaint must be "liberally construed" and held "to

4  less stringent standards than formal pleadings drafted by lawyers." *E.g.*, *Florer v. Congregation*

5  *Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 & n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*,

6  551 U.S. 89, 94 (2007) (per curiam)). But a court "may not supply essential elements of the [*pro*

7  *se*] claim that were not initially pled." *E.g.*, *Henderson v. Anderson*, 2019 WL 3996859, at *1

8  (W.D. Wash. Aug. 23, 2019); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031

9  (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants."

10  (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))). Also, "it is axiomatic that pro se

11  litigants, whatever their ability level, are subject to the same procedural requirements as other

12  litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).

13  **B.**    **Plaintiff's Failure to Oppose the Motions to Dismiss**

14        As an initial matter, Ms. Chlentzos-Williams has failed to respond to the Motions to

15  Dismiss, and her time to respond has elapsed; her response was due on November 8, 2021, over

16  five months ago. *See* Local Civil Rule ("LCR") 7(d)(3). "[I]f a party fails to file papers in

17  opposition to a motion, such failure may be considered by the court as an admission that the

18  motion has merit." LCR 7(b)(2); *see also Solorio v. Garland*, 2021 WL 5967939, at *1 (W.D.

19  Wash. Dec. 1, 2021) (dismissing *pro se* complaint for failure to respond to a motion to dismiss).

20  Therefore, the Court may grant the Motions to Dismiss on the basis of Ms. Chlentzos-Williams's

21  failure to respond.

22        However, as noted above, Ms. Chlentzos-Williams is *pro se* and has engaged in *ex parte*

23  communications with the Court's staff inquiring about this case. While the Court does not factor

24  in the content of such communications into its consideration of the present motions,

ORDER REGARDING DEFENDANTS'
MOTIONS TO DISMISS - 4

1  Ms. Chlentzos-Williams clearly remains interested in litigating her case and has not abandoned

2  it. In light of these facts and the public policy favoring disposition of cases on their merits, *see*

3  *id.* (listing factors to consider for dismissal under LCR 7(b)(2)), the Court examines Defendants'

4  Motions to Dismiss on the argued bases of lack of subject matter jurisdiction or failure to state a

5  claim. *See also Peri on behalf of Peri v. Bank of New York Mellon*, 2020 WL 6874880, at *1

6  (W.D. Wash. Nov. 23, 2020) (denying motion to dismiss on the merits even though *pro se*

7  plaintiffs failed to respond to the motion).

8  **C.      Dismissal for Lack of Subject Matter Jurisdiction**

9           Defendants move to dismiss Ms. Chlentzos-Williams's claims for lack of subject matter

10  jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The motion must be granted, as

11  Ms. Chlentzos-Williams has not shown any basis for the Court's jurisdiction over her claims.

12          Ms. Chlentzos-Williams has filed her lawsuit in this Court, which is a federal court. As a

13  federal court, this Court must dismiss a case if the court lacks jurisdiction over a case. Fed. R.

14  Civ. P. 12(h). Unlike many state courts, "[f]ederal courts are courts of limited jurisdiction,

15  having the power to hear certain cases only as the Constitution and federal law authorize."

16  *Newtok Vill. v. Patrick*, 21 F.4th 608, 615 (9th Cir. 2021); *accord Kokkonen v. Guardian Life*

17  *Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Broadly speaking, a federal district court has

18  jurisdiction over all civil actions (1) "arising under the Constitution, laws, or treaties of the

19  United States" (a.k.a., "federal question" jurisdiction), *see* 28 U.S.C. § 1331, or (2) for more than

20  $75,000 where the citizenship of each plaintiff is different from that of each defendant (a.k.a.,

21  "diversity" jurisdiction), *see id.* § 1332; *see also Newtok Vill.*, 21 F.4th at 615 (noting "the two

22  types of federal subject matter jurisdiction—diversity of citizenship and federal question").

23  Federal courts are presumed to lack subject matter jurisdiction over a case, and the plaintiff bears

24  the burden of showing otherwise. *Kokkonen*, 511 U.S. at 377.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

### 1.     The Complaint Does Not Allege a Federal Question

First, Ms. Chlentzos-Williams fails to show that there is federal question jurisdiction over her claims. Ordinarily, "'the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction,'" but a court may find a lack of jurisdiction where the asserted federal claim is "'immaterial and made solely for the purpose of obtaining jurisdiction' [or] 'wholly insubstantial and frivolous.'" *See Al-Qarqani v. Chevron Corp.*, 8 F.4th 1018, 1025 (9th Cir. 2021), *on appeal* (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)); *see also Azizi v.  United States*, 2015 WL 6755193, at *2 (C.D. Cal. Nov. 4, 2015) (dismissing plaintiff's complaint for lack of subject matter jurisdiction for vague allegations). Ms. Chlentzos-Williams asserts no explicit causes of action, much less a single federal cause of action; rather than listing specific federal statutes or other federal law at issue in the case, she merely listed documents relevant to her case under the section of the Complaint marked for "Basis for Jurisdiction." Dkt. No. 4, at 3.

Further, even under the most liberal of constructions, any federal claims Ms. Chlentzos-Williams may be asserting would be "wholly insubstantial and frivolous." *See Al-Qarqani*, 8 F.4th at 1025. Ms. Chlentzos-Williams does not state—or show otherwise—how Square's mailing could be in violation of any law, much less a viable federal claim. She also fails to intimate whether Ms. Grow's actions violated any duty or other legal right, nor even what injury Ms. Chlentzos-Williams suffered from Ms. Grow's actions. Further, and only under a liberal construction of the Complaint, Ms. Chlentzos-Williams appears to be asserting claims sounding in common law tort, such as intentional or negligent infliction of emotional distress, *see* Dkt. No. 4, at 5 ("This mailing caused me emotional distress . . . ."), which arise under state law rather than federal law.

Ms. Chlentzos-Williams mentions that she experienced "mail fraud" and "civil rights violations." Dkt. No. 4, at 5 ("I have experienced mail fraud – box break in (tampering) in 2012 at my former apt residence. . . . [and] other civil rights violations."). These appear to merely be statements providing context as to why she claims the mailings in question caused her emotional distress, rather than a cause of action—that is, an argument that Defendants' actions in this case amounted to the violation of a federal law.

In any case, the federal criminal statute prohibiting mail fraud does not permit a private citizen to bring suit under it. *See Cirino v. GMAC Mortg. LLC*, 667 F. App'x 248, 249 (9th Cir. 2016) ("Dismissal of [*pro se* plaintiff's] mail fraud claim was proper because the mail fraud statute does not provide a private right of action." (citing 18 U.S.C. § 1341)). *Cf. Abcarian v. Levine*, 972 F.3d 1019, 1025–26 (9th Cir. 2020) (declining to find private civil right of action under the Hobbs Act, 18 U.S.C. § 1951, which criminalizes extortion and other related acts). As for her "civil rights violations," Ms. Chlentzos-Williams provides no detail on what civil rights cause of action she may be pursuing, much less whether they are under federal or state law. *Cf. Hairston v. Sec. Mortg. Co.*, 2012 WL 12898776, at *1 (C.D. Cal. Apr. 25, 2012) (no federal question jurisdiction where plaintiff referred to "numerous federal statutes," such as the Civil Rights Act, 42 U.S.C. § 1983, in the complaint but had not brought claims under any of the statutes). And this Court "may not supply essential elements of the [*pro se*] claim that were not initially pled." *Henderson v. Anderson*, 2019 WL 3996859, at *1. As a result, the Court finds there is no basis for federal question jurisdiction over this case.

### 2.    The Complaint Fails to Establish Diversity Jurisdiction

Second, Ms. Chlentzos-Williams has failed to show that diversity jurisdiction exists here. Ms. Chlentzos-Williams and Defendant Ms. Beatrice "Bea" Grow are both alleged to be citizens of Washington. *See* Dkt. No. 4, at 4. There is no complete diversity, "meaning that each plaintiff

must be of a different citizenship from each defendant," as required for diversity jurisdiction. *See*

*Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

Accordingly, the Court is unable to hear this case, and the Complaint is dismissed for
lack of subject matter jurisdiction.

**D.      Motion to Dismiss for Failure to State a Claim (Rule 12(b)(6))**

"Ordinarily, a court cannot issue a ruling on the merits 'when it has no jurisdiction'
because 'to do so is, by very definition, for a court to act ultra vires,'" or outside its powers.
*Brownback v. King*, 141 S. Ct. 740, 749 (2021) (quoting *Steel Co. v. Citizens for Better Env't*,
523 U.S. 83, 89 (1998)). Here, however, the Court has found that it lacks subject matter
jurisdiction over this case in part because the Complaint fails to state a proper federal cause of
action, which is necessarily a partial finding on whether the Complaint states a claim. But
lacking subject matter jurisdiction (as discussed in the previous section), the Court is not
empowered to address the remainder of the merits of the case.

**E.      Leave to Amend**

"A district court should not dismiss a *pro se* complaint without leave to amend unless 'it
is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"
*Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d
1202, 1203–04 (9th Cir. 1988) (per curiam)) (holding that district court erred by failing to
explain deficiencies of a *pro se* prisoner civil rights complaint and without leave to amend).
Ms. Chlentzos-Williams is permitted to file an amended complaint that cures the deficiencies of
her complaint, as identified above.

**III.      CONCLUSION**

For the reasons above, the Motions to Dismiss (Dkt. Nos. 18, 20) are GRANTED, and
Ms. Chlentzos-Williams's claims against Defendants are dismissed without prejudice.

1    Ms. Chlentzos-Williams may file an amended complaint within **thirty (30) days** of this Order

2    (*i.e.* **May 20, 2022**) should she wish to do so.

3          Dated this 20th day of April 2022.

4

5                                        Tana Lin
                                        United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER REGARDING DEFENDANTS'
MOTIONS TO DISMISS - 9